FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN THOMAS ENTLER,

Plaintiff - Appellant,

v.

ROB McKENNA,

Defendant - Appellee.

No. 11-36019

D.C. No. 3:11-cv-05081-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Washington state prisoner John Thomas Entler appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging state law

and federal claims regarding defendant's alleged role in lobbying for amendments

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

to Washington State's Public Disclosure Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim, *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir. 2004), and for an abuse of discretion the denial of leave to amend, *Chodas v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).  We affirm.

The district court properly dismissed Entler's § 1983 claim for alleged interference with his right to access public documents because there is no constitutional right to public disclosure of government documents.  *See Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control.").

The district court properly dismissed Entler's retaliation claim because Entler failed to allege that defendant's allegedly retaliatory conduct was either directed at, or resulted in a chilling of, Entler's exercise of his First Amendment rights.  *See CarePartners, LLC v. Lashway*, 545 F.3d 867, 877 (9th Cir. 2008) (plaintiff must allege that protected conduct is a "substantial" or "motivating" factor for defendant's allegedly retaliatory conduct); *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) (listing elements of retaliation claim in prison context).

The district court did not abuse its discretion in denying Entler leave to

amend his federal claims because, notwithstanding a liberal interpretation of his claims, amendment would have been futile. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (leave to amend proper if amendment would be futile); *see also Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (liberal interpretation of a pro se complaint may not supply essential elements of a claim that were not pled).

The district court properly declined to exercise supplemental jurisdiction over Entler's state law claims after dismissing his federal claims. *See* 28 U.S.C. § 1367(c)(3).

We do not consider issues and claims raised for the first time on appeal, including regarding alleged denial of free speech and the right to access the court via mail. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (issues raised for the first time on appeal are deemed waived).

**AFFIRMED.**

11-36019